IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION



EOD
10/17/2008

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| KIRK LEWIS, | § | Case No. 05-44432 |
| | § | (Chapter 13) |
| Debtor. | § | |

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO REINSTATE CASE

The Debtor, Kirk Lewis, initiated this case by filing a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on August 19, 2005. The Court confirmed the Debtor's proposed Chapter 13 plan on April 2, 2007. The Debtor, however, failed to make all of his required plan payments. The Debtor filed a motion seeking to modify his confirmed plan to lower his monthly plan payment on March 17, 2008, but the Chapter 13 trustee objected on numerous grounds. The Chapter 13 trustee also filed a motion seeking dismissal of the Debtor's bankruptcy case. At the time of the hearing on the Chapter 13 trustee's dismissal motion, the Debtor was delinquent in the amount of $19,939 and, even under the proposed modification of his Chapter 13 plan, would have remained nearly $7,000 delinquent in his required payments to the Chapter 13 trustee. On September 17, 2008, following a hearing on the Chapter 13 trustee's dismissal motion, the Court entered an Order Dismissing Chapter 13 Case with Retention of Jurisdiction (the "Dismissal Order") [Docket No. 171].

This matter is before the court on the Motion to Reinstate Case and Set Aside Order of Dismissal (the "Motion") [Docket No. 177] filed by the Debtor on September 24, 2008. The Debtor filed the Motion prior to the deadlines for motions under Rule 59 of the Federal Rules of Civil Procedure, *see* FED. R. BANKR. P. 9006(a), and the Debtor

references "FRCP Rule 59" in the Motion.  The Debtor, however, invokes the standards of Federal Rule 60(b) by arguing that he did not allow his case to be dismissed through "conscious indifference, purposeful neglect, nor disregard for his responsibility to his plan and this Court …."  *See* FED. R. CIV. P. 60(b)(1) (permitting courts to relieve a party from an order based on "mistake, inadvertence, surprise, or excusable neglect….").  The Debtor concludes his one-page Motion by asking this Court to "relieve him of the final order of dismissal due to excusable neglect and oversight."

Since the Debtor filed the Motion within ten days of the Dismissal Order, the Court will construe the Motion as a request for relief under Federal Rule 59(e).  *See, e.g., Harcon Barge Co. v. D & G Boat Rentals, Inc.,* 784 F.2d 665, 668 (5th Cir. 1986) (en banc).  Federal Rules 60(b) and 59(e) have significant overlaps, but Federal Rule 59(e) does not require a showing as onerous as Federal Rule 60(b) would require to reinstate a bankruptcy case.  However, a Federal Rule 59(e) motion should not be granted unless there is: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice.  *See, e.g., Schiller v. Physicians Resource Group, Inc*., 342 F.3d 563, 567 (5th Cir. 2003); *Russ v. Int'l Paper Co.,* 943 F.2d 589, 593 (5th Cir. 1991).  Motions to alter or amend a judgment under Federal Rule 59(e) "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."  *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citations omitted).

Here, at the time of the entry of the Dismissal Order, the Debtor had been delinquent in his required payments to the Chapter 13 trustee for many months, the size

of the delinquency was significant, and the Debtor's proposed modification to his plan would not have cured his delinquency. Cause existed to dismiss the Debtor's case pursuant to §1307(c)(6) of the Bankruptcy Code. Having reviewed the Motion as well as the record in this case, the Court finds that the Debtor has failed to establish grounds relief from the Dismissal Order under Federal Rule 59(e).

**IT IS THEREFORE ORDERED** that the Debtor's Motion to Reinstate Case and Set Aside Order of Dismissal [Docket No. 177] shall be, and it is hereby, **DENIED**.

Signed on 10/16/2008

_Brenda T. Rhoades_  SD
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE